FILED
July 28, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals
## for the Fifth Circuit

_____

No. 22-10667
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee,*

versus

Angel Aguilar Montalvo,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-13-1

_____

United States Court of Appeals
Fifth Circuit
**FILED**
July 6, 2023
Lyle W. Cayce
Clerk

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

  For his guilty-plea conviction, Angel Aguilar Montalvo challenges his 240-months' prison sentence for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). He challenges the court's: two-level enhancement under Sentencing Guideline § 2G2.2(b)(6) for use of a computer; and non-application of a two-level reduction under Guideline §

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10667

2G2.2(b)(1), which applies when defendant's conduct was limited to receipt or solicitation. U.S.S.G. § 2G2.2(b)(1), (b)(6).

Because Montalvo is raising different objections on appeal to the enhancement and lack of reduction than he raised in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Montalvo must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* For the reasons that follow, the claims fail under plain-error review. (Even if the issues had been preserved in district court, we would still affirm.)

The district court did not commit the requisite clear-or-obvious error in applying § 2G2.2(b)(6). As Montalvo concedes, our court has foreclosed his assertion that the use of a computer enhancement is inappropriate based on its broad application; he presents this issue only to preserve it for possible further review. *United States v. Miller*, 665 F.3d 114, 122–23 (5th Cir. 2011) (rejecting similar challenge to § 2G2.2(b)(6) enhancement when defendant "attack[ed] the policies and rationale that underpin the Guidelines" because "[t]he Guidelines remain the Guidelines, and district courts must take them into account").

Likewise, the court did not commit clear-or-obvious error in concluding § 2G2.2(b)(1) does not apply. Although Montalvo claims his conduct was limited to receipt of child pornography without intent to distribute, he both transported and edited child pornography. *See* § 2G2.2(b)(1) & n.1 (distinguishing simple possession from other types of activity categorized as "distribution" which is "any act, including possession

2

No. 22-10667

with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor").

As for his assertion that the language of § 2G2.2(b)(1) does not include conduct grouped with receipt of child pornography, this matter is abandoned for inadequate briefing. *E.g.*, *United States v. Stalnaker*, 571 F.3d 428, 439–40, 440 n.10 (5th Cir. 2009) (explaining that, where appellant does not fully explain his argument or cite the record or relevant law, he has abandoned issue by failing to adequately brief it).

AFFIRMED.